OPINION
PER CURIAM.
Pursuant to Title VII of the Civil Rights Act of 1964, Appellant Edward Rainey filed a pro se employment discrimination action in the District Court against his former employer, Diamond State Port Corporation (“Diamond State”), alleging that he was unlawfully disciplined and terminated on account of his race. Despite being served with the complaint, Diamond State failed to answer or otherwise respond to it. On March 27, 2009, the District Court entered a default judgment in Rainey’s favor, but it awarded him only nominal damages in the amount of $250 because it doubted the merit of his claim. Rainey appealed. For the reasons that follow, we will affirm the District Court’s order.
I. Background
In May 2007, Rainey was terminated from his job at Diamond State after the company determined that he was the aggressor in a physical altercation with a coworker. The incident was apparently Rainey’s second confrontation with a coworker within a year. The evidence provided by Rainey to the District Court indicated that he was the likely aggressor in each confrontation. Rainey requested a *724 grievance hearing, and was represented by his Union at the hearing, but the grievance officer upheld the termination.
Rainey filed a complaint with the Delaware Department of Labor. At the completion of its investigation on July 13, 2007, the Delaware Department of Labor issued a “No-Cause Determination” and issued Rainey a Right to Sue Notice. He filed his complaint with the District Court for the District of Delaware on February 15, 2008, and service was effectuated by the United States Marshals Service. The defendant filed no response to Rainey’s complaint and made no appearance. After the Clerk entered a default, see Fed.R.Civ.P. 55(a), which was mailed to defendant, Rai-ney filed a motion for default judgment. Default judgment was granted; however, the District Court reviewed Rainey’s submissions, concluded that it had doubts regarding the merits of his claims, and awarded him only $250 in nominal damages. Rainey appealed.
II. Jurisdiction and Standard of Review
We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We review the District Court’s handling of a default judgment, including its computation of damages and decision whether to conduct a hearing on damages for abuse of discretion only. See, e.g., Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984); KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 18 (1st Cir.2003). A District Court abuses its discretion when its decision “rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.” Morris v. Horn, 187 F.3d 333, 341 (3d Cir.1999) (quoting Reform Party v. Allegheny County Dept. of Elections, 174 F.3d 305, 311 (3d Cir.1999) (en banc)).
III. Analysis
When a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). Rather, defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought. Id.) DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir.2005). The damages Rainey sought could not be determined with exactness on the cause of action by a simple mathematical calculation or by application of definitive rules of law. “If it is necessary to determine the amount of damages or to establish the truth of any averment by evidence, the court may conduct a hearing.” Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994) (quoting Fed.R.Civ.P. 55(b)(2)) (emphasis added) (internal quotation marks omitted). For the reasons that follow, we do not believe Rainey has shown an abuse of discretion in the District Court’s decision to award only nominal damages in the absence of a hearing.
To win damages in an employment discrimination case, a plaintiff must prove membership in a protected class and that he or she was terminated on account of membership in that protected class rather than for legitimate nondiscriminatory reasons. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[1] To do so, a plaintiff *725 can produce direct evidence of his or her employers’ illegal motives or show that similarly situated employees who were not members of the protected class were treated more favorably. Id.
To determine if Rainey has met his burden we review the evidence that was before the District Court. Rainey’s evidence showed that he was involved in two fights at work during the year prior to his termination, and that he was deemed the aggressor in each incident. Although he disputes that he was in fact the aggressor, he did not offer any evidence of similarly situated white or female employees who had kept their jobs, despite being deemed the aggressors in multiple physical altercations on the job. Nor did he offer any evidence that defendant deemed him the aggressor because he was a member of a protected class or that he was fired for a discriminatory purpose.
After the District Court’s clerk entered the default, the District Court provided Rainey an opportunity to demonstrate his entitlement to damages by ordering Rai-ney to file a statement outlining the damages he was seeking and to provide support for those damages. In response to that order Rainey filed an incoherent statement and attached a variety of financial statements and personal bills, which the court sealed to protect his privacy. The closest Rainey came to properly alleging discrimination is his statement in his informal brief before us, in which he stated “Timmy Miller full timer employee get wrote up 3 or 4 times and was on contract still have his job, Kelly Thomas and Brgette two part timer union sisters fith-ing same matter like assaults on union people [sic.].” Without further information regarding the demographics of the employees named above and their circumstances, it is impossible for us to determine if Rainey was treated less favorably on account of a protected ground. Regardless, Rainey did not present this information to the District Court when he was given the opportunity to do so. Under these circumstances, we find that the District Court did not abuse its discretion in awarding only nominal damages because it was clear that even when all of the factual allegations and evidence were considered in the light most favorable to Rainey, he did not make allegations sufficient to establish that he was fired on account of his membership in a protected class. It is therefore clear that Rainey could not establish any entitlement to damages beyond the $250 in nominal damages he was awarded by the District Court on account of the defendant’s default, even if the court had held a healing.
IV. Conclusion
For the foregoing reasons, we will affirm the District Court’s judgment awarding Rainey $250 in nominal damages.

. Typically, once a plaintiff makes a prima facie case, the burden shifts to the defendant to establish a nondiscriminatory reason for taking the adverse employment action. If the defendant can do so, the burden shifts back to the plaintiff to show that the defendant's justifications were mere pretext. This burden shifting cannot occur when a plaintiff prevails by default because the defendant declines to participate in the litigation, as is the case here. Appropriately, given the circumstances, the District Court looked to whether Rainey made out a prima facie case.